FILED

2008 APR 30 AM 11: 28

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SANTANA-QUINTERO [A39-171-782],<br><br>Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, United States Attorney General, et al.,<br><br>Respondents. | Case No: 08-CV-0683 W (WMc)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE REQUEST FOR APPOINTMENT OF COUNSEL, AND (3) TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED** |

Petitioner, a Department of Homeland Security detainee proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, along with a motion for the appointment of counsel. For the reasons outlined below, the Court **DENIES WITHOUT PREJUDICE** Petitioner's motion for appointment of counsel and **ORDERS** Respondents to show cause why the Petition should not be granted.

I.   BACKGROUND

According to the motion for appointment of counsel, Petitioner was taken into immigration custody on or about June 6, 2006. (Doc. No. 2 at 2.) On December 11, 2006, an Immigration Judge ("IJ") ordered Petitioner removed from the United States.

(Id.) Petitioner appealed the decision, which the Board of Immigration Appeals affirmed on December 10, 2007. (Id.) Petitioner then filed an appeal with the Ninth Circuit. (Id.) His appeal is currently pending.

In the meantime, Petitioner sought release from Immigration and Customs Enforcement (ICE) custody. On December 12, 2007, ICE denied Petitioner's request based on the determination that he would be a danger to the community and a flight risk. (Doc. No. 1, Ex. A.) On April 15, 2008, Petitioner filed this habeas proceeding under 28 U.S.C. § 2241, along with a motion for appointment of counsel.

## II. APPOINTMENT OF COUNSEL

The purpose of 28 U.S.C. § 3006A is to provide appointed counsel in order to prevent a denial of due process. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). The Court may appoint counsel for financially eligible persons seeking habeas relief if "the interests of justice so require." 28 U.S.C. § 3006A (a)(2)(B).

"In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); see also Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Additionally, appointed counsel is mandated when (1) necessary for effective discovery, or (2) an evidentiary hearing may occur. Weygandt, 718 F.2d at 954. But where appointment is not mandated, the decision to appoint counsel is discretionary. Chaney, 801 F.2d at 1196.

Petitioner contends that he has been detained for 19 months, and thus is highly likely to succeed on the merits. The Court disagrees.

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court evaluated whether post-removal detention under section 1231(a)(6) was limited to a reasonable period or could be indefinite. Because a statute "permitting indefinite detention of an alien would raise a serious constitutional problem," the Court held that post-removal detention under section 1231(a)(6) is presumptively reasonable for 180 days. Id. at

690, 701. Thereafter, if the "alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. at 701.

Here, Petitioner's removal order did not become final until December 10, 2007, when the BIA affirmed the immigration judge's decision. Thus, Petitioner's post-removal detention has lasted approximately 4 months, which is less than the presumptively reasonable 6-month period established in Zadvydas.[1]

Moreover, Petitioner concedes that the Ninth Circuit has not yet ruled on his motion for a stay of removal. (Doc. No. 2 at 2.) Because Petitioner may be deported if the Ninth Circuit denies that motion, Petitioner has not established "that there is no significant likelihood of removal in the reasonably foreseeable future...." Zadvydas, 533 U.S. at 701.

Petitioner nevertheless asserts that an evidentiary hearing may be "needed should the Court grant the petition conditioned on additional showings." (Doc. No. 2, p.7.) This argument is extremely speculative given the Court's determination that Petitioner has not established a likelihood of success on the merits.

For these reasons, the Court **DENIES WITHOUT PREJUDICE** Petitioner's request for appointment of counsel. Petitioner may file another motion for appointment of counsel if his post-removal detention continues beyond the presumptively reasonable 6-month period. Additionally, the Court will appoint counsel if it determines that an evidentiary hearing is required, or if Petitioner can establish that it is necessary for effective discovery.

---

[1] In support of his motion, Petitioner attaches three district court orders appointing counsel. (See Doc. No. 3, Exs. A, B, C.) But in each of the three cases, the post-removal detention period exceeded 6 months. See Castrillon v. Department of Homeland Security, et al., Case No. 05cv1552 BEN (NLS) (counsel appointed after 3 years and 6 months of post-removal detention); Macalma v. Chertoff, et al., 06cv2623 WQH (AJB); (counsel appointed after 2 years and 7 months of post-removal detention); Mustafa v. Chertoff, et al., Case No. 07cv480 WQH (POR) (counsel appointed after 10 months of post-removal detention). Thus, none of those orders support Petitioner's motion.

### III. ORDER TO SHOW CAUSE

Having read and considered the Petition, the Court hereby **ORDERS** as follows:

1. Respondents are ordered to show cause why the Petition should not be granted by filing a written return no later than **June 13, 2008**. The return shall include any documents relevant to the determination of the issues raised in the Petition, and shall address whether an evidentiary hearing on the Petition is needed.

2. Petitioner's reply, if any, must be filed no later than **July 14, 2008**. Upon the filing of the foregoing, the parties shall await the further order of this Court.

3. The Clerk of Court shall serve a copy of the Petition together with a copy of this order on the United States Attorney or an authorized representative, 880 Front Street, Room 6293, San Diego, CA 92101.

**IT IS SO ORDERED.**

DATE: April 30, 2008

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

CC: ALL PARTIES