

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SANTANA-QUINTERO,<br><br>            Petitioner,<br>vs.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, et al.,<br><br>            Respondents. | CASE NO. 08-CV-0683 W (WMC)<br><br>**ORDER DENYING EMERGENCY MOTION FOR STAY OF REMOVAL (Doc. No. 12)** |

On December 11, 2006, an Immigration Judge ("IJ") ordered Petitioner removed from the United States. (*Pet.'s Emergency Mot. for Stay of Removal* [hereinafter "*Pet.'s Mot.*"].) On December 10, 2007, The Board of Immigration Appeals ("BIA") denied Petitioner's appeal of the IJ's order, thus rendering the removal order final. (See Doc. No. 1.)

Petitioner appealed the BIA's December 10, 2007 Order ("Final Removal Order") to the Ninth Circuit Court of Appeals. (*Id.*) The Ninth Circuit granted Petitioner a stay of removal pending judicial review of the Final Removal Order. (*Resp't's Opp'n to Emergency Mot. for Stay of Removal* [hereinafter "*Resp't's Opp'n*"] at 2.)

1   On April 15, 2008, with his Ninth Circuit appeal pending, Petitioner commenced this habeas corpus action pursuant to 28 U.S.C. § 2241 challenging his continued detention pending his appeal of the Final Removal Order. (See Doc. No. 1.) Two days later, the Ninth Circuit denied Petitioner's appeal of the Final Removal Order. See Santana-Quintero v. Chertoff, No. 07-74928 (9th Cir. 2008).

On April 28, 2008, Petitioner filed a motion for reconsideration of the Ninth Circuit's denial. (Resp't's Opp'n Ex. A.) On June 9, 2008, Petitioner filed a separate motion to reopen removal proceedings before the BIA alleging ineffective assistance of counsel before the Immigration Court, BIA, and Ninth Circuit. (Resp't's Opp'n at 2.)

Because Petitioner filed a motion for reconsideration, the Ninth Circuit's stay of removal remains in effect. (Resp't's Opp'n Ex. A.) Nevertheless, Petitioner filed the instant motion ("Emergency Motion") asking this Court to stay enforcement of the Final Removal Order pending resolution of his motion to reopen removal proceedings before the BIA. (See Pet.'s Mot.)

However, 8 U.S.C. § 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General [or Department of Homeland Security ('DHS')] to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." In short, district courts lack jurisdiction to prevent the Attorney General or DHS from executing a final removal order by ordering a stay of removal. Instead, Congress has vested the Circuit Courts of Appeal with exclusive jurisdiction to review final removal orders issued by the Attorney General or DHS. 8 U.S.C. § 1252(a)(5).

///
///
///
///
///
///

1  Because Petitioner's Emergency Motion seeks to prevent the Attorney General
2  and DHS from exercising their statutory authority to execute the Final Removal Order,
3  the Court **DENIES** Petitioner's Emergency Motion. (Doc. No. 12.)
4      **IT IS SO ORDERED.**

7  DATE: June 25, 2008

    HON. THOMAS J. WHELAN
    United States District Court
    Southern District of California

10  CC: All parties and counsel of record